UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW ANDREW GARCES, | § § | |
| Plaintiff, | § § | |
| v. | § § | SA-25-CV-82-FB (HJB) |
| BAUDELIA RAMONA HERNANDEZ, | § § | |
| Defendant. | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

Before the Court is the status of the above case, which was automatically referred to the undersigned for disposition of the application to proceed *in forma pauperis* ("IFP") and a review under 28 U.S.C. § 1915(e), pursuant to this Division's October 8, 2019, Standing Order.[1]  For the reasons below, I recommend that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

**I.     Background.**

In his proposed complaint, Plaintiff, who appears *pro se* in this matter,[2] alleged that he was "forced into employment" with a company called Affordable Venture Home Health, which apparently provided home health services to Defendant, who appears to be a private individual. (Docket Entry 1-2, at 1.)  Plaintiff does not sue the company, but instead sues Defendant

---

[1] The division-wide standing order is available on the Western District of Texas website, and may be accessed at the following link: https://perma.cc/RCD4-NSNV.

[2] This is case is one of seven Plaintiff has filed *pro se* in this Court in the last two months. *See Garces v. Hernandez, et al.,* SA-25-CV-81-JKP (HJB); *Garces v. City of San Antonio, et al.,* SA-25-CV-127-FB; *Garces v. Garland, et al.*, SA-25-CV-128-FB (HJB); *Garces v. Mohammed*, SA-25-CV-141-JKP (ESC); *Garces v. U.S. Dep't of Justice,* SA-25-CV-252-FB (HJB); and *Garces v. United Health Care, et al.,* SA-25-CV-256-FB (RBF).

individually. (*Id.*)  He originally presented two claims: one for involuntary servitude under the Fourteenth Amendment, and one for violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*. (*Id.* at 2.)

Finding that neither of his proposed causes of actions stated a claim for relief, the undersigned issued a Show Cause Order requiring Plaintiff to amend his complaint. (Docket Entry 5.)  With regard to his involuntary servitude constitutional claim, the Order explained that Plaintiff provided no facts explaining how he was physically or legally coerced to work for Defendant—a showing that was required by Supreme Court precedent. (*Id.* at 2 (citing *United States v. Kozminski*, 487 U.S. 931 (1988)).  With regard to Plaintiff's ADA claim, the Order explained that the claim could go forward unless Plaintiff showed that he has exhausted administrative remedies. (*Id.* (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787 (5th Cir. 1996) (per curiam)).

Plaintiff responded to the Order by filing an amended complaint. (Docket Entry 8.)  The amended complaint removed the involuntary servitude claim, but added a claim for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), as well as what appears to be a claim for premises liability based on an injury he allegedly suffered while on Defendant's property. (*See id.* at 2–3.)

**II.  Analysis.**

Under 28 U.S.C. § 1915, the Court is required to dismiss a complaint if it "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  The Court is "vested with especially broad discretion" in making this determination. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).  To avoid dismissal, a plaintiff's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  A complaint does not require detailed factual allegations, but it must contain enough to

"raise a right to relief above a speculative level." *Id.* at 555. The plaintiff must present more than labels, conclusions, and formulaic recitations of the elements to avoid dismissal. *Id.* As to any alleged cause of action, a plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *lnnova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.,* 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (citing *Patrick v. Wal-Mart, Inc.–Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)). The complaint must also plainly show the basis for the Court's jurisdiction, because federal courts have "limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also* FED. R. CIV. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").

Like the original complaint, Plaintiff's amended complaint fails to state a claim upon which the Court may grant relief. The amended complaint does not address the issue of ADA exhaustion as the Court required in its Show Cause Order; accordingly, the amended complaint fails to state a valid claim for relief under the ADA. *Dao*, 96 F.3d at 788–89. And for the reasons set out below, the amended complaint likewise fails to present either a valid FLSA claim or a state-law personal injury claim over which the Court can or should exercise jurisdiction.

   A. *Plaintiff's FLSA claim.*

The FLSA applies only "(1) to an employer that has 'employees who in any workweek [are] engaged in commerce or in the production of goods for commerce' ('individual coverage'), or (2) to an employer that has employees 'employed in an enterprise engaged in commerce or in the production of goods for commerce' ('enterprise coverage')." *Mendoza v. Detail Sols., LLC*, 911 F. Supp. 2d 433, 438 (N.D. Tex. 2012) (quoting 29 U.S.C. §§ 206(a)(1) and 207(a)(1), as well as *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992)). Plaintiff's complaint presents him as an individual providing a home health services for another individual. Accordingly, if there is

3

FLSA coverage, it must be individual coverage based on whether Plaintiff was engaged in commerce.

Although Congress has specifically found "that the employment of persons in domestic service in households affects commerce," 29 U.S.C. § 202(a)(5), and domestic service has been defined to include "nurses . . . [and] home health aides," 29 C.F.R. § 552.3 (2015), it is "not sufficient, for purposes of the 'engaged in commerce' clause of the individual coverage provision, that an employee's work merely 'affects' interstate commerce in some way." Instead, whether an individual was "engaged in commerce" for purposes of establishing individual coverage depends on "whether the work [they perform] is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, part of it, rather than isolated local activity." *Carmack v. Park Cities Healthcare, LLC*, 321 F. Supp. 3d 689, 690 (N.D. Tex. 2018) (quoting *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007)).

Plaintiff's amended complaint does not show that the FLSA is applicable here. Plaintiff alleges that he was working as a home health provider directly for Defendant, an individual patient. (Docket Entry 8, at 2.) Plaintiff has failed to plead individual coverage under the FLSA, as he "provides no details about the nature of [his] employment or the duties [he] regularly performs as a home health care giver, nor does [he] describe any specific manner in which [his] work is related to 'the functioning . . . of interstate commerce.'" *Badon v. Reliable PCA and SIL Agency, LLC*, No. CV 19-12503, 2020 WL 12309217, at *3 (E.D. La. June 4, 2020) (quoting *Williams v. Henagan*, 595 F.3d 610, 621 (5th Cir. 2010). Since Plaintiff's allegations do not show that he was engaged in commerce, the FLSA claim should be dismissed.

**B.** *Plaintiff's premises liability claim.*

As noted above, Plaintiff's premises liability claim arises, if at all, under state law. *See, e.g., Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Federal courts exercise independent

4

jurisdiction over such claims only if there is diversity of state citizenship between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  In this case, Plaintiff does not allege that the parties have diversity of citizenship; to the contrary, he alleges that he and Defendant are both residents of Texas.  (Docket Entry 8, at 1.)  Plaintiff thus fails to demonstrate that the Court has original jurisdiction over his state claim.

Nor does the Court have supplemental jurisdiction over Plaintiff's state claim.  "[A] federal court may exercise supplemental jurisdiction over [a] state claim so long as it 'derive[s] from' the same 'nucleus of operative fact' as the federal one." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 27 (2025) (quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).  Whether Plaintiff was injured due to unreasonably dangerous conditions on Defendant's premises does not derive from the same nucleus of operative fact as whether Defendant paid sufficient compensation.  Accordingly, there is no supplemental jurisdiction here either.[3]

### III.  Recommendation.

Based on the foregoing, I recommend that Plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

### IV.  Notice of Right to Object

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified

---

[3] Even when a district court can exercise supplemental jurisdiction over a state law claim, it may decline to do so and instead dismiss the state claim if the claims over which it has original jurisdiction have been dismissed. *See* 28 U.S.C. § 1367(c)(3). Indeed, the "general rule" is that "a court should decline to exercise jurisdiction over remaining state-law claims when all federal-la claims are eliminated before trial." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). Plaintiff's complaint suggests no reason to depart from the general rule in this case.

mail, return receipt requested.  Written objections to this Report and Recommendation must be filed **within 14 days** after being served with a copy of the same, unless this time period is modified by the District Court.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties.  An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered."  *Williams v. Lakeview Loan Servicing LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on March 20, 2025.

Henry J. Bemporad
United States Magistrate Judge